IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENTON M. HALL, | ) | |
| AIS #215571, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-766-WKW |
| | ) | [WO] |
| | ) | |
| MONICA PATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Kenton M. Hall ["Hall"], a state inmate, complains

that he is being subjected to malicious prosecution for robbery.  Hall names Monica Pate,

the victim of a robbery for which Hall has been indicted,  E. M. Roberts, an officer of the

Wetumpka Police Department, the City of Wetumpka, Alabama, Bill Lewis, an assistant

district attorney assigned to the state criminal case, and Ben Fuller, the judge presiding over

the pending state criminal proceedings, as defendants in this cause of action.  Hall seeks

monetary damages and dismissal of the criminal charges pending against him before the

Circuit Court of Elmore County, Alabama.

Upon review of the allegations contained in the complaint, the court concludes that

this case is due to be dismissed prior to service of process pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I.  DISCUSSION

### A.  The Victim

Hall names Monica Pate, the victim of the robbery for which he has been indicted, as a defendant in this cause of action.  Ms. Pate, however, is not a proper party in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11ᵗʰ Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))....  [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436
> U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear that Ms. Pate is not a state actor nor are her actions in any way attributable to the State. In light of the foregoing, the court concludes that the instant claims against Monica Pate are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Pending Criminal Charges and Related Actions

Hall asserts that assistant district attorney Bill Lewis presented an inadequate report prepared by officer E. M. Roberts to the grand jury which resulted in his indictment for robbery. *Plaintiff's Complaint - Court Doc. No. 1* at 5. Hall also argues that Judge Ben Fuller is violating his constitutional rights during proceedings related to criminal charges pending before the Circuit Court of Elmore County, Alabama. *Id*. at 5-6. Specifically, Hall complains that Judge Fuller "as the presiding jurist over the criminal prosecution [has failed] to take the appropriate and necessary steps, to act to protect the rights of plaintiff which ... continue to be violated." *Id*. at 6. These claims provide no basis for relief in this cause of action.

1. The Request for Monetary Damages Against Judge Fuller. It is clear that all of the allegations made by the plaintiff against Judge Fuller emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he has

jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11ᵗʰ Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Fuller are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

    2. <u>Declaratory and Injunctive Relief from Pending Criminal Charges</u>. Hall argues that he did not commit a criminal offense and seeks dismissal of the charges pending against him before the Circuit Court of Elmore County, Alabama. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.* at 43. In this case, Hall has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11ᵗʰ Cir. 1985). Specifically, Hall can seek reconsideration of and/or appeal any adverse decision issued by the trial court. He may also attack the constitutionality of the indictment

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

and challenge the sufficiency of the evidence throughout the on-going state criminal proceedings.  Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm.  The mere fact that Hall must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.  This court must therefore abstain from considering the merits of Hall's claims which challenge the constitutionality of the criminal charges pending against him and the actions of the trial court regarding these charges as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.  *Id.* at 43-44.  Consequently, summary dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  Assistant District Attorney Bill Lewis.  Hall challenges the constitutionality of actions undertaken by assistant district attorney Bill Lewis with respect to the initiation of criminal charges against him.  It is clear from the complaint that the claims made against defendant Lewis emanate from this defendant's representation of the State during criminal proceedings initiated and currently pending against Hall before the Circuit Court of Elmore County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before

the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500

U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271,

1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for
> money damages.... [T]he purpose of the immunity is to shield
> officials from the distractions of litigation arising from the
> performance of their official functions. To fulfill its purpose,
> official immunity protects government officials not only from
> having to stand trial, but also from having to bear the other
> burdens attendant to litigation, including pretrial discovery....
> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d
> 128 (1976), the Supreme Court held that a prosecutor is
> absolutely immune from civil suit for damages under section
> 1983 for actions taken "in initiating a prosecution and in
> presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions of defendant Lewis about which the plaintiff complains have been

undertaken by this defendant in his role "as an 'advocate' for the state" and such actions

"are intimately associated with the judicial phase of the criminal process." *Mastroianni v.*

*Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Lewis is therefore

"entitled to absolute immunity for that conduct." *Id.* Thus, Hall's request for damages

against Bill Lewis lacks an arguable basis and is therefore subject to dismissal in

accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S.

at 327. As previously determined, the plaintiff is entitled to neither declaratory nor

injunctive relief for any adverse action taken during the state court proceedings related to

criminal charges currently pending against him before the Circuit Court of Elmore County,

Alabama.

    4. Officer E. M. Roberts and the City of Wetumpka, Alabama. Hall complains that officer Roberts, in his capacity as an employee of the City of Wetumpka, Alabama, failed to adequately investigate the robbery charge lodged against him by Monica Pate.  Hall alleges that "said inadequate investigation" of Ms. Pate's accusation that Hall committed a robbery against her resulted in the preparation of an inaccurate report on which the grand jury relied in issuing an indictment against him.  *Plaintiff's Complaint - Court Doc. No. 1* at 5.

    Inadequate investigation of a crime by a law enforcement officer fails to state a constitutional claim upon which relief may be granted.  *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 109 S.Ct. 998 (1989).  To the extent Hall bases his claim against officer Roberts on the grand jury's purported reliance on the report, he is likewise entitled to no relief as any challenge to the constitutionality of the indictment is barred from review in this cause of action by the *Younger* doctrine.  Moreover, the law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim for damages against a law enforcement official for alleged acts of perjury during state  proceedings as he is absolutely immune from such liability under 42 U.S.C. § 1983.  *Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 115, 75 L.Ed.2d 96 (1983); *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987).[3]  Hall's

---

    [3] In *Briscoe*, the Supreme Court further implied that the false testimony of a law enforcement official in and of itself does not violate an accused's constitutional rights.  460 U.S. at 327, n. 1.

claims against officer Roberts and the City of Wetumpka, Alabama are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Monica Pate, Ben Fuller, Bill Lewis, E.M. Roberts and the City of Wetumpka, Alabama be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[4]

2. To the extent the plaintiff presents claims challenging the constitutionality of criminal charges pending against him before the Circuit Court of Elmore County, Alabama, these claims be DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before October 29, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

---

[4]Although Hall initially references claims relative to his arrest for the robbery of Monica Pate, he subsequently concedes that he has not yet been "placed under arrest" for this offense but merely served with a copy of the indictment issued against him on April 8, 2005. *Plaintiff's September 21, 2007 Amendment to the Complaint - Court Doc. No. 11* at 1. Consequently, since there has been no arrest, the court finds that any claims with respect to an arrest are without factual basis and therefore provide no basis for relief in this cause of action.

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of October, 2007.

 /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE