IN THE DISTRICT COURT OF THE UNITED STATES
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 OCT 26  A 9:52
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

KENTON H. HALL,
  Plaintiff

vs.

MONICA PATE, et. al.,
  defendants

CIVIL ACTION No. 2:07-CV-766-WKW [WO]

OBJECTION TO MAGISTRATE JUDGE RECOMMENDATION

Plaintiff, Kenton H. Hall, pursuant to 28 U.S.C. § 636 (b)(1)(C), do object to the Magistrate recommendations in the above said cause. In Support thereof, he Sayeth:

(1) The Magistrate allege in her recommendation that the defendant Fuller is entitled to absolute immunity in this cause of action. This is, of course, is not so. It is from the defendant detouring from his judicial function where he fail to protect and ensure that plaintiff rights was not taken away from him, or, for that

matter, where he had been deprived of his rights that steps was taking to correct such fundamental error. For this reason and among others, the defendant is not entitle to the defence as asserted by the Magistrate. See Harper v. Merckle 638 F.2d 848 (5th Cir. 1981); Im

(2). The Magistrate allege in her recommendation that defendant Lewis is entitle to absolute immunity where he was acting as a State actor and preforming his function thereof. This is true, but defendant diverted from the course of pursuing Justice where he sought an indictment and had the same returned against plaintiff despite him being held in durance vile at the time of the crime itself. It is from his diversion that he is not entitle to the defence asserted by the magistrate. See Imbler v. Pachtman 424 U.S. 409, 430-31, 96 S.Ct. 984 (1975).

(3). The Magistrate allege in her recommendation that defendant Roberts in not entitle to enjoy absolute immunity where her acts counter the Constitution, Statute and rules to which governed his conduct. The defendant was aware that before he arrested plaintiff he had to have a warrant issue by a Judge or Magistrate based on an affidavit or affirmation where proable cause did not exist. It is from defendant disregard of that in which prevent him from pertaking of the defence assert by the Magistrate.

4. The Magistrate allege in her recommendation that the City of Wetumpka is entitle to absolute immunity. That is, where agents of said City violated plaintiff right, in his being arrested without a warrant or probable cause, as a result of a custom of the city. See Monell v. Dept. of Social Services of the City of New York, 436 U.S. 659 (1978); Pembaur v. Cincinnati, 475 U.S. 469 (1986).

5. The Magistrate allege in her recommendation that plaintiff's claims for monetary damages against Judge Fuller are "based on an undisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). It is here plaintiff assert that he has not made a claim for monetary damages against defendant Fuller, but has only entreated of the Courts for an injunction with respect to the continuity of said defendant conduct which violate plaintiff constitutional rights. Nevertheless, an action at law for money damages is the assumed remedy for a violation of legal rights that has occurred in the past, whereas that threat of imminent future harm can only be cured by an equitable remedy. Thus, Congress could not have meant to preclude claims for declaratory and injunctive relief under the PLRA because such relief addresses "a violation an person has not yet suffered." The harm will be suffered, if at all, in the future. No injury is required in a pleading for prospective equitable relief; only a threat of future injury is necessary. Lewis

v. Casey, 518 U.S 343 (1996); Harper v. Shiner, 174
f.3d 716 (5th Cir. 1999).

Respectfully Submitted,
*Kenton M. Hall*
KENTON M. HALL

Contact Address:
Wm. E. Don. Corr. Fac.
100 Warrior Lane
Bessemer, AL 35023

Kenton Hall #215511
100 Warrior Lane
Bessemer, Alabama 35023

BIRMINGHAM AL 350
25 OCT 2007 PM 4 T

United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711